IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHN ANTHONY COAKLEY                                                    PLAINTIFF

v.                                        3:08CV00049WRW/HLJ

JACK MCCANN, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

1

> proof,  and a copy,  or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #23).

Plaintiff has filed responses in opposition to the motion (DE ##28, 29).

Plaintiff, an inmate incarcerated at the Northeast Arkansas Community Punishment Center,

filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging unconstitutional

conditions of confinement while he was incarcerated as a pretrial detainee at the Craighead County

Detention Center (Jail) from January - May, 2008.   Specifically, plaintiff alleges: only four yard

calls were called in a thirty-two day period; the Unit has mildewed paint and improper ventilation

in cells, rusty water in the shower, a flooded cell, and no tuberculosis (Tb) lights or working fire

alarms; the officials fail to respond to grievances, and they deny access to a law library or legal

materials.   Plaintiff asks for monetary and injunctive relief from the defendants Sheriff Jack

McCann and Jail Administrator John Smith.

According to plaintiff's complaint and mostly undisputed facts set forth by the parties,

plaintiff entered the Jail in January 2008.  He alleges during the first thirty-two days of his incarceration, "we have only had 4 yard calls."  He also complains that his cell walls are mildewed and one of the cells adjacent to the showers floods and causes water to run into his cell.  He also complains about no Tb lights or working fire alarms and rusty water in the showers.  Finally, plaintiff alleges defendants failed to respond to grievances and also failed to provide him with adequate law library resources.

<u>II.  Summary Judgment Motion</u>

A.  Defendants' Motion

Defendants state plaintiff's allegations against them should be dismissed because plaintiff has failed to show he was deprived of,  or that any of the defendants knew and consciously deprived him of, basic human necessities.  Specifically, defendants state plaintiff was not prevented from exercising in his cell and that plaintiff's allegation of four yard calls in 32 days does not rise to the level of a constitutional violation.  Defendants cite <u>Wishon v. Gammon</u>, 978 F.2d 446, 449 (8th Cir. 1992), where the court held that one 45-minute out-of-cell recreation time per week did not violate the inmates' rights, and <u>Leonard v. Norris</u>, 797 F.2d 683, 685 (8th Cir. 1986), where the court held that fifteen days of no out-of-cell exercise did not constitute cruel and unusual punishment.  With respect to plaintiff's shower claims, defendants state plaintiff does not allege he was not permitted to shower, or that he was injured by the rusty water or occasional flooding.  Defendants state he also alleges no injury as a result of the alleged mildewed walls, lack of smoke detectors and lack of Tb lights.  In addition, defendants state plaintiff was provided with access to his public defender during his incarceration and has not stated how a denial of access to legal materials resulted in actual injury, <u>citing</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).  Finally, defendants state plaintiff has no constitutional

right to the answering of his grievances, and failed to exhaust his claims pursuant to the grievance procedures set forth at the Jail.

B. Plaintiff's Response

In response, plaintiff states his claims are not frivolous or malicious and he is not motivated by monetary relief.  Rather, he states he seeks relief for the inmates who are pretrial detainees at the Jail.  H also states defendants possess pictures and video which show the inadequate conditions at the Jail.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

D.  Analysis

Since plaintiff was a pretrial detainee at the time of his incarceration, the due process

standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).   In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  Therefore, in order to support an Eighth Amendment claim for relief, plaintiff must allege that defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to plaintiff's health and safety.   Farmer v. Brennan, 511 U.S. 825, 827 (1994).

First, with respect to plaintiff's allegations concerning limited outdoor exercise opportunities, the Court must consider several factors: the prisoner's opportunity to be out of his cell, the availability of recreation within the cell, the size of the cell and the duration of confinement.  See Wishon v. Gammon, supra, 978 F.3d at 448.  In this case, plaintiff does not allege he was denied outdoor exercise, but that such was limited during the first thirty-two days of his confinement, which took place in January and February, 2008.  Plaintiff does not allege he was denied the opportunity to exercise in his cell, or that his cell space was so limited that he was unable to exercise.  In addition, plaintiff does not state that his exercise opportunities remained limited after February, 2008.  Therefore, the Court finds plaintiff does not support a constitutional claim against defendants and that defendants are entitled to summary judgment on this claim.

Next, with respect to the shower and other cell conditions allegations, plaintiff has not set forth sufficient facts to support his allegations that defendants disregarded an excessive risk of harm to his health or safety.  For example, although plaintiff alleges mildewed walls, occasional flooding of his cell, inadequate shower conditions, inadequate fire safety and Tb measures, he does not allege how he personally was harmed or affected by any of these conditions or situations.  "Conditions of

confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise'....Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."  Whitnack, supra, 16 F.3d at 957, quoting Wilson v. Seiter, 501 U.S. 294, 305 (1991).  Plaintiff does not allege he was denied showers, or that he was harmed by the rusty water, occasional flooding, or lack of fire and Tb safety measures.  Therefore, the Court finds plaintiff fails to support these allegations and that defendants are entitled to judgment as a matter of law on these claims.

With respect to plaintiff's allegation that his grievances and complaints were not answered on all occasions, the Court finds such does not rise to the level of a Constitutional claim.  In Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), the Court held a similar complaint by an inmate failed to state a claim under § 1983 because the prison grievance procedure does not confer any substantive right on inmates.  Therefore, this allegation also should be dismissed.

Finally, plaintiff alleges a denial of adequate law library facilities.  However, he does not allege he was denied access to his public defender, and he does not allege that he was injured in any respect by a lack of access.   In Lewis v. Casey, supra, the Court held denial of access claims fail if the inmate does not demonstrate any actual injury.  In this case, plaintiff was able to file his complaint and other pleadings and briefs in this case.  He does not allege an inability to respond to certain court requirements or to file required documents, or any other such situations.  He also does not allege that any cases he was involved with were dismissed as a result of the alleged inadequacies.  Therefore, the Court finds he also fails to support this claim for relief.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #23)

is hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with

prejudice.

IT IS SO ORDERED this 31st day of October, 2008

_Henry L. Jones, Jr._
United States Magistrate Judge